Chief Justice Robertson,
delivered the opinion of the court.
This is detinue for a female slave by Gray’s heirs, against McDowell. Tbe appellees claimed-the slave under a gift by their grand-father.
The appellant claimed her under a purchase at a sheriff’s sale, on a fieri facias in his favor against the father of the appellees. The maximum value of the slave, as proved, was $400. The jury assessed the value at .$800!
The appellant showed to the court, that the slave was not in possession, nor within his power, and moved for a new trial, because the verdict was contrary to the evidence; and, also, moved for a re-assessment of value if a new trial should be refused. The court overruled both motions, and rendered judgment on the verdict.
tiffin*Aetinue ts1 under the act of 1827, elected executioner the property alone, he shall edbya tender of its assessed value, unless thatdefend’nt cannot deliver the properfy.
The assessment is flagrantly excessive and unwarran-' table. Proof of value would be unnecessary, unless the jury should be governed by it. If the jury had a right to find .$¡800 they might with equal property, have found $¡8000.
It has been decided by this court, in IV Bibb, 72, and in I Marsh. 08, that excessiveness in the assessment of value in an action of detinue, will not, of itself and alone, be a sufficient cause for a new trial on the merits* or for a re-assessment; because ike defendant may exonerate himself by surrenderirig the property itself.
The reason of these decisions is not affected by the act of 1827, “concerning the action of Detinue,” Session Acts, 1827, p. 49. The 1st section authorizes an execution, simply and directly, for the specific property. And the 2d section, provides, “that it shall not hereafter be lawful for the defendant to discharge himself from the delivery of the property adjudged to the plaintiff, in an action of detinue, by a tender of the alternate value, given in the verdict, unless the plaintiff shall issue execution for such value, or the defendant shall make it appear to the satisfaction of the court that it is not within his power to deliver the property.’?
^ie onty object of this act, was to enable the plain-in detinue, to obtain, without evasion, the specific property adjudged to him. And, therefore, when he shall elect to issue his process for that alone, according to 1st section, he shall not be defeated by a tender of the assessed value, unless it shall appear, that the defendant cannot deliver the property. But if the plaintiff issue his execution conformably to the judgment and in the usual form, the act of 1827, docs not apply, and he can derive no advantage from it. Nor ^oes the act of 1827, change the former law in any respect, except by authorizing process for the property absolutely,
If, therefore, the cases referred to in IV Bibb, and I Marshall declared the law truly as it then was, they are evidence of what it now is.
The correctness of these decisions might be seriously questioned upon principle as well as on authority and analogy. But it is not necessary now to concur in or dissent from them, because, (as it was shown in this *3 case, that the slave could not be delivered,) the circuit court ought to have directed a re-assessment of value,.. or a new trial, whether these decisions be right wrong. They expressly allow a new trial or re-assessment in such a case as this; and the right to it is still, more enforced by the spirit of the act of 1827.
Whenever, indetinue, the impossibility, of delivering up the prop-, erty shall he known by the defendant at the trial or during that, term, he should make. the fact known to the, court, and apply for a reassessment of. value, if that made by the. verdict be excessive,
Quiere. Whether an excessive assessment of value in detinue, is sufficient, per se, to authorize a new trial or a reassessment O, value.
Crittenden, for appellant; Hewit, for appellee.
Whenever the imposibility of delivering up the property shall be known by the defendant at the time of the trial, or during that term, he should make the fact known to the court, and thereupon apply for a re-assessment of value, if that made by the verdict, be excessive. So far, we would recognise and apply the cases which have been cited in Bibb and Marshall, because, so far, no injustice can result from the rule which they establish, however questionable its intrinsic propriety may be considered.
But cases may arise, in which the delivery of the property may become impossible, after the expiration of the term, in consequence of death, inevitable loss, or destruction, or otherwise, without the fault of the defendant. In such a case, according to the decisions referred to, there would be no legal means for obtaining relief from an unj ust and oppressive verdict.
We shall not decide, until a proper case shall be presented, whether an excessive assessment of value should alone be sufficient to require a new trial or a re-assessment, whether it would or not, this case evidently does.
On the question of title, the evidence preponderated against the verdict. This fact, combined with the passion or partiality indicated by the, otherwise, inexplicable assessment, should entitle the appellant to a new trial of the whole case.
It is not necessary to decide whether there should be, in any case, a re-assessment of value, without an entire new trial.
The judgment of the circuit court is reversed, and the cause remanded for a new trial,